UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCILLE S. TAYLOR,

    Plaintiff,

v.

DENNIS M. BARNES, et al.,

    Defendants.

_____/

CASE NO. 1:19-CV-670

HON. ROBERT J. JONKER

## ORDER

This is an action asserting First Amendment challenges to the structure of the Michigan State Bar. Plaintiff is a member of the Michigan Bar who asserts that the mandatory dues assessment violates her free speech rights, and that required membership as a condition to practice law violates her free association rights in light of the Supreme Court's decision in *Janus v. American Federation*, 138 S. Ct. 2448 (2018). Defendant officers of the Michigan Bar disagree and assert that nothing in *Janus* abrogates earlier Supreme Court decisions expressly validating a compulsory (or integrated) model for organization of a State Bar.

The parties have agreed on a Statement of Facts, ECF No. 16, and have each filed a Motion for Summary Judgment. ECF Nos. 17, 19. The parties have done an excellent job on their submissions, and it would be most interesting to wade into the issues with the parties. But the Court is satisfied that whatever wading needs to be done must happen in a higher Court because the Supreme Court has squarely decided the issues framed here in favor of the defendants. In *Lathrop v. Donohue*, 367 U.S. 820 (1961), the Supreme Court rejected a free association claim by a member of the Wisconsin Bar on materially indistinguishable facts. In *Keller v. State Bar of California*, 496

U.S. 1 (1990), the Supreme Court rejected a free speech claim by a member of the California Bar on materially indistinguishable facts.

Plaintiff accepts that *Lathrop* and *Keller* rejected the claims she is making here, but urges this Court to revisit them in light of a line of Supreme Court authority culminating in *Janus* that, according to Plaintiff, calls into question the continuing validity of the holdings. This Court has no power to do that. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1416 n.5 (2020) (Justice Kavanaugh, concurring in part); *Hohn v. United States*, 524 U.S. 236, 252-53 (1998). *See also Thompson v. Marietta Education Association*, ___ F.3d ___, 2020 WL 5015460 (6th Cir. Aug. 25, 2020) (refusing to extend *Janus* in a case "controlled by a fair reading of the Supreme Court's precedents" because "lower courts must follow Supreme Court precedent"). Even Justices who may believe *Lathrop* and *Keller* were wrongly decided recognize that the Supreme Court will have to make that call. *See, e.g., Jarchow v. State Bar of Wisconsin*, 140 S. Ct. 1720 (June 1, 2020) (mem.) (Justices Thomas and Gorsuch dissenting from denial of certiorari in an integrated bar case).

Accordingly, following and applying *Lathrop* and *Keller*, as this Court is bound to do, the Court **GRANTS** the Defendants' Motion for Summary Judgment, and **DENIES** the Plaintiff's Motion for Summary Judgment. Judgment will enter in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**.

Date:   September 8, 2020                /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE